IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GLEN GRACE, # 312989 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RDB-07-2045 |
| JOHN ROWLEY, et al. | * | |
| Respondents. | | |
| | * | |

**MEMORANDUM OPINION**

This *pro se* civil rights action was filed by Glen Grace, an inmate at the Maryland Correctional Training Center, challenging the number of dimunition credits awarded toward his release. As relief, Grace requests immediate release from incarceration and damages.[1] The Court will grant Grace's Motion to Proceed in Forma Pauperis, and dismiss the Petition without prejudice.

Grace challenges the credits allotted to him for special project housing, claiming that he was denied credit for the period between October 27, 2005, through April 20, 2006. Although Grace claims he has been "discriminated" against in the award of credits, he provides no factual predicate for his unsupported contention. Grace raised his claim through the Administrative Review Process. The Warden denied his claim stating:

> As for housing credits during this time period, it is noted that your offender traffic history screen reflects that you were in a single cell from October 27, 2005, until February 16, 2006, and again from February 23, 2006, to April 3, 2006. You are not eligible for housing credits during this period of time. The appropriate housing credits were posted for the periods of time you were in a double cell and not on disciplinary segregation.[2]

---

[1] Although filed as a 42 U.S.C. § 1983 complaint, this pleading is more properly construed as a 28 U.S.C. §2241 petition for habeas corpus relief. The Court will so construe the pleading.

[2] *See* Complaint, ARP Response dated June 25, 2007.

Grace's challenge to the number of diminution credits awarded to him pursuant to Md. Code Ann. [Correctional Services] §3-702 *et seq*. does not give rise to a federal question. *See Estelle v. McGuire,* 502 U.S. 62 (1991), *Pringle v. Beto,* 424 F.2d 515 (5th Cir. 1970); *see also McCray v. Rosenblatt*, 27 F.3d 563 (4th Cir. 1994) (unpublished). Questions as to whether or not prison officials have properly credited Grace with good conduct deductions do not involve federal law. To the extent that Grace is alleging he is illegally incarcerated and entitled to habeas corpus relief, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). This means the claim must be fairly presented to the state courts by presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000). Further, Grace's claim for damages under 42 U.S.C. §1983 is not cognizable by this Court. In *Heck v. Humphrey*, 512 U. S. 477 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. §1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed. By analogy, Grace must first prevail regarding his claim that he was wrongfully held beyond his release date before an award of damages could be considered.

For these reasons, the Court is without jurisdiction to order the relief Grace requests. In light of the foregoing the Court will dismiss the Petition without prejudice by separate order.

September 6, 2007  /s/  
Date              RICHARD D. BENNETT  
                  UNITED STATES DISTRICT JUDGE